IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jerry Verl Holmes, Sr., | ) | |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Harford County, Maryland, | ) | Case No. 1:22-cv-049 |
| | ) | |
| Respondent. | ) | |

Holmes is in the custody of the North Dakota Department of Corrections, serving a State sentence at the James River Correctional Center in Jamestown, North Dakota. He initiated this action pro se on March 24, 2022, with the submission petition under 28 U.S.C. § 2254 for a writ of habeas corpus. He seeks this court's assistance in compelling authorities in Maryland to initiate proceedings in his pending criminal case in Harford County, Maryland. He asserts:

GROUND ONE: Denial of due process

* * *

I have tryed everything possible to ask for a court hearing so that I can plead guilty to the charges outstanding and to be sentence for the charges. I have been and still am incarcerated in DOCR at James River Correctional Center in Jamestown. I had wrote to Hartford County Maryland District Court Commissioner's office and was appointed a public defender. Attorney at Law Ms. Colleen Mahoney which has tryed to get a hearing for sentencing and the Hartford County States Attorney is refusing me a hearing.

* * *

GROUND TWO: Due Diligence

* * *

I have filed motion myself. I filed the Interstate Agreement Act. I wrote to the District Court Commissioner to ask for a Public Defender or court appointed attorney

1

to help me resolve this warrant and charges.

(Doc. No. 2) (errors in original).

On March 28, 2022, the court issued an order giving Holmes until April 25, 2022, to show cause why his habeas petition should not be dismissed without prejudice. (Doc. No. 4). The order provided relevant part the following:

> Section 2254 confers jurisdiction on a district court to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).
> Holmes is proceeding pro se. It is accepted that a pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. Johnston v. Artis, No. CIV.A. 13-6947 NLH, 2013 WL 6095877, at *1 (D.N.J. Nov. 19, 2013). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."). Such appears to be the case here.
> The court appreciates that Holmes would like to resolve his pending criminal case in Maryland. However, there is nothing in his submissions to indicate that Maryland has sought to extradict him or otherwise attempted to arrange [for] him to appear to answer his pending charges.
> This is not an instance where Holmes is challenging his extradition. Rather, he is taking issue with Maryland's failure to seek his immediate extradition. The court is unaware of any authority for it [to] require or compel a state court in another district to [order] extradition of an individual for whom that state court has issued an arrest warrant. And it does not seem as if a § 2254 petition is an appropriate vehicle for effectuating his extradition as Holmes is not challenging the validity of or basis for his confinement in this district or the validity of the Maryland warrant. Finally, this district does not appear to proper venue for this action.
> Before disposing of this matter, the court shall afford Holmes the opportunity to provide it with any authority that would allow it to compel his extradition. Accordingly, it shall set a deadline by which must he show cause why the court should not simply dismiss his habeas petition without prejudice.

(Id.).

On April 26, 2022, Holmes filed a response to the court's order to show cause. (Doc. No. 6). Therein he asserted that 18 U.S.C. § 1073 empowers this court to order him extradicted to Maryland or to otherwise compel authorities in Maryland schedule hearings in his pending case in Harford County. 18 U.S.C. § 1073 provides:

> Whoever moves or travels in interstate or foreign commerce with intent either (1) to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees, or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of an offense punishable by death or which is a felony under the laws of such place, is charged, or (3) to avoid service of, or contempt proceedings for alleged disobedience of, lawful process requiring attendance and the giving of testimony or the production of documentary evidence before an agency of a State empowered by the law of such State to conduct investigations of alleged criminal activities, shall be fined under this title or imprisoned not more than five years, or both. For the purposes of clause (3) of this paragraph, the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.
>
> Violations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed, or in which the person was held in custody or confinement, or in which an avoidance of service of process or a contempt referred to in clause (3) of the first paragraph of this section is alleged to have been committed, and only upon formal approval in writing by the Attorney General, the Deputy Attorney General, the Associate Attorney General, or an Assistant Attorney General of the United States, which function of approving prosecutions may not be delegated.

18 U.S.C. § 1073.

Holmes reliance on 18 U.S.C. § 1073 is misplaced as it does not provide a basis for this court to order his extradiction to Harford County, Maryland. Rather, it provides the basis for the United States to charge him federally in the District of Maryland with a federal offense if he had taken flight from Maryland to avoid prosecution or testifying. Consequently, the court finds that Holmes has failed to articulate authority for this court to compel the State of Maryland to take action in his

Harford County case. The court further finds that Holmes's habeas petition is subject to dismissal for the reasons it previously articulated in its order to show cause. Perhaps Holmes should look to authorities in State of Maryland for the relief he seeks.

Accordingly, Holmes's habeas petition (Doc. No. 2) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2022.

>*/s/ Clare R. Hochhalter*
>Clare R. Hochhalter, Magistrate Judge
>United States District Court